UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ARTHUR SHELDON

        Plaintiff,

v.                      **REPORT AND RECOMMENDATION**
                                 **05-CV-0419 (NPM)**

COMMISSIONER OF SOCIAL SECURITY,

        Defendant,

## I.    Introduction

Plaintiff Arthur Sheldon brings this action pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") was not supported by substantial evidence and contrary to the applicable legal standards. The Commissioner argues that the decision was supported by substantial evidence and made in accordance with the correct legal standards.

For the reasons set forth below, the Court finds that the Commissioner's decision contains legal error and is not supported by substantial evidence. Therefore, the Court recommends that Plaintiff's Motion for Judgment on the Pleadings be granted in part and Defendant's Cross-Motion for Judgment on the Pleadings be denied.[2]

---

[1] This case was referred to the undersigned for Report and Recommendation, by the Honorable Norman A. Mordue, pursuant 28 U.S.C. § 636(b)(1)(B), by an Order dated July 1, 2009.

[2] Although no motion for judgment on the pleadings was filed, the moving party was excused from such filing under General Order No. 18, which states in part: "The Magistrate Judge will treat the proceeding as if both parties had accompanied their briefs with a motion for judgment on the pleadings . . . ." General Order No. 18. (N.D.N.Y. Sept. 12, 2003).

1

## II.     Background

Plaintiff applied for both DIB and SSI on July 17, 2003, alleging an onset date of August 15, 2002[3] (R. at 35).[4] Plaintiff alleges disability due to several impairments including a back impairment, a foot impairment, a left knee impairment, hypertension, and depression. His applications were denied initially on July 25, 2005 (R. at 34). Plaintiff filed a request for a hearing on January 23, 2004 (R. at 43).

On July 26, 2004, Plaintiff appeared before the ALJ (R. at 138). The ALJ considered the case *de novo* and, on October 14, 2004, issued a decision finding Plaintiff not disabled (R. at 26). The ALJ's decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review on March 4, 2005 (R. at 6-9). On April 5, 2005, Plaintiff filed this action.

Based on the entire record, the Court recommends remand because the ALJ failed to fully develop the record and erred in assessing Plaintiff's credibility.

## III.     Discussion

### A.     Legal Standard and Scope of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383 (c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were

---

[3] The record is unclear as to when Plaintiff applied for SSI and DIB. The record indicates that Plaintiff applied for SSI on March 14, 2002 (R. at 134), and DIB on July 17, 2003 (R. at 35). Plaintiff's SSI application was initially denied on June 5, 2002 (R. at 134). It does not appear that any further action was taken on that application. It is possible that the ALJ re-opened that previous SSI decision (R. at 140-41). However, both Plaintiff and Defendant agree that Plaintiff applied for both DIB and SSI on July 17, 2003. Plaintiff's Brief, p. 2; Defendant's Brief, p. 2. There is also a question as to Plaintiff's onset date. Again, both Plaintiff and Defendant agree that August 15, 2002 is the alleged onset date. Id. The Court will therefore apply the application and onset dates as stated in both Plaintiff's and Defendant's briefs.
[4] Citations to the underlying administrative record are designated as "R."

2

not applied, or it was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."

3

Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

The Commissioner has established the following five-step sequential evaluation process[5] to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 416.920, 404.1520. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

---

[5] This five-step analysis is detailed as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant has such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. §§ 416.920, 404.1520.

**B.     Analysis**

**1.  The Commissioner's Decision**

In this case, the ALJ made the following findings with regard to factual information as well as the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability (R. at 24); (2) Plaintiff's "history of an old compression fracture, lumbar sprain and strain, and arthritis of the left knee" were "severe" impairments (R. at 24); (3) Plaintiff's possible Parkinson's diagnosis, alcohol abuse, history of depression, and hypertension were not severe impairments (R. at 21); (4) Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 3 (R. at 24); (5) Plaintiff's subjective complaints concerning his limitations were not totally credible (R. at 25); (6) Plaintiff "retain[ed] the residual functional capacity for light work, occasionally lifting 20 pounds, frequently lifting 10 pounds, standing or walking for 6 hours and sitting for 5 hours, in an 8-hour workday. Additional limitations include only occasional climbing, balancing, stooping, kneeling, crouching or crawling" (R. at 25); (7) Plaintiff was unable to perform any of his past relevant work (R. at 25); (8) Plaintiff is "closely approaching advanced age" (R. at 25); (9) Plaintiff had a high school education (R. at 25); (10) Using Medical-Vocational Rule 202.13 as a framework for decision-making, as well as a vocational expert ("VE"), there were a significant number of positions in the national economy that Plaintiff could perform, including cashier, assembly worker, inspector, and hand packer (R. at 24, 25). Ultimately, the ALJ found that Plaintiff was not under a disability at any time through the date of his decision (R. at 25).

### 2. Plaintiff's Claims:

Plaintiff argues that the ALJ's decision was not supported by substantial evidence and contrary to the applicable legal standards. Specifically, Plaintiff argues that a) the ALJ erred in failing to fully develop the record; b) the ALJ erred in evaluating Plaintiff's credibility; c) the ALJ erred in finding Plaintiff's left pes planus[6] and hypertension not severe; d) the ALJ's RFC finding is not supported by substantial evidence; and e) the ALJ's finding of not disabled at step five of the sequential evaluation is not supported by substantial evidence.

### a) The ALJ Failed to Fully Develop the Record

Plaintiff argues that the ALJ failed to fully develop the record. Plaintiff's Brief, pp. 7-8. Defendant responds by arguing that the ALJ fulfilled his duty to develop the record. Defendant's Brief, p. 14.

The ALJ has an affirmative duty to develop the record. Echevarria v. Sec'y of Health & Human Servs., 685 F.2d 751, 755 (2d Cir. 1982). This duty exists regardless of whether Plaintiff has counsel or is continuing *pro se*. Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996). If the evidence received is not adequate to determine whether an individual is disabled, additional information must be gathered by first re-contacting Plaintiff's treating physician. 20 C.F.R. § 404.1512(e)(1).

"Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application . . . . We will make every reasonable effort to help you get medical reports from your own medical sources when you give us permission to request the

---

[6] Flatfoot. *Dorland's Illustrated Medical Dictionary*, 1441 (31st ed. 2007).

6

reports." 20 C.F.R. §§ 404.1512(d), 416.912(d). "Every reasonable effort" is defined as an initial request and a subsequent request made "at any time between 10 and 20 calendar days after the initial request." § 404.1512(d)(1), 416.912(d)(1).

The record contains very little of Plaintiff's medical history. Plaintiff indicated in a disability report dated October 2003, that he had a treatment relationship with Dr. Kohl from May 1998 through October 2002 (R. at 79, 81). It appears that at some point the Social Security Administration ("SSA") contacted Dr. Kohl for updated medical records. On November 10, 2003, the SSA received a response to that request from Dr. Kohl (R. at 116). Dr. Kohl stated that Plaintiff "was last examined in Nov[ember] 2002. Cannot comment on current condition/disability. We have previously responded to your inquiry on 3/19/02. No change since that time." Id. Dr. Kohl's statement suggests that he had sent medical records to the SSA after a request was made on March 19, 2002. Id. However, the record fails to contain any treatment notes or medical assessments from Dr. Kohl.

In that same disability report, Plaintiff stated he saw Dr. Bhoiwala from May 2002 through October 2003 (R. at 79). Plaintiff stated that Dr. Bhoiwala was the "primary care physician [he] see[s] for everything. Mostly [his] back. He prescribes medications." Id. It appears that Dr. Bhoiwala prescribed all of Plaintiff's medications (R. at 72, 80). The record contains treatment notes from June 22, 2004 (R. at 128), July 16, 2004 (R. at 126), and July 19, 2004 (R. at 124-25). Dr. Bhoiwala's medical records also contain a scan of Plaintiff's spine dated June 18, 2004 (R. at 127). Thus, medical records from Dr. Bhoiwala cover four dates in a two month time period. Clearly, the record is missing a large portion of Plaintiff's medical history with Dr. Bhoiwala. Given the clear gap in the

7

record, the ALJ should have re-contacted Dr. Bhoiwala to obtain the missing medical records. See Rosa, 168 F.3d at 82-83 (internal citations and quotations omitted) ("Where there are gaps in the administrative record . . ., we have, on numerous occasions, remanded to the [Commissioner] for further development of the evidence.").

The Court also notes that Plaintiff listed Dr. Noerling, Columbia Memorial Hospital, and Dr. Victoriand as medical sources in a disability report (R. at 69). There are no treatment notes or medical assessments from any of these sources.

Indeed, the record is nearly devoid of any medical history. Other than the few pages of treatment notes from Dr. Bhoiwala, the only other medical record is from registered physician's assistant-certified Holly Brown, which is a two-page "initial evaluation" from a spine center dated July 27, 2004 (R. at 130-131). Thus, the record as a whole contains a mere two months of Plaintiff's medical history, June and July of 2004, from Plaintiff's medical sources.[7] This is error and requires remand for further development of the record. See Pratts v. Chater 94 F.3d 34, 38 (2d Cir. 1996) ("[T]he record before us is simply inadequate to support a denial of benefits. Much of [Plaintiff's] medical history is missing including his initial diagnosis of HIV, treatment notes for the period August 1987-September 1988, lab results for blood tests and other prescribed tests, identification of some medications, and treatment notes from his social worker.").

Defendant argues that the ALJ fulfilled his duty to develop the record because "the ALJ contacted plaintiff's treating sources during the period at issue in order to obtain plaintiff's medical records." Defendant's Brief, p. 14. However, Defendant fails to cite to any portion of the record indicating that the ALJ did in fact make inquiries to

---

[7] The record also contains an internal examination by an SSA consultative physician, dated November 4, 2003 (R. at 111-14), and an RFC assessment completed on December 12, 2003 (R. at 117-22).

8

Plaintiff's medical sources asking for his treatment history. Indeed, the Court can find no indication in the record that the ALJ ever made such a request. Defendant may be referring to the SSA's contact with Dr. Kohl. It appears that the SSA requested Dr. Kohl's medical notes on March 19, 2002 (R. at 116). However, as these notes do not appear in the record, the Court cannot find that this request extinguished the ALJ's duty.

Based on the foregoing, the Court recommends remand to allow the ALJ an opportunity to fully develop Plaintiff's medical records. The ALJ must also ensure that any medical records previously submitted by Dr. Kohl are included in the record. On remand, the ALJ should also request medical opinions of Plaintiff's functional abilities from Plaintiff's treating sources.

### b) The ALJ Erred in Evaluating Plaintiff's Credibility

"[A] claimant's subjective evidence of pain is entitled to great weight where . . . it is supported by objective medical evidence." Simmons v. U.S. R.R. Retirement Bd., 982 F.2d 49, 56 (2d Cir. 1992) (citations omitted). "However, the ALJ is 'not obliged to accept without question the credibility of such subjective evidence.'" Martone v. Apfel, 70 F.Supp.2d 145, 151 (N.D.N.Y. 1999) (quoting Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979)). In analyzing credibility, the ALJ must first determine whether the claimant has medically determinable impairments, "which could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 404.1529(a); S.S.R. 96-7p, 1996 WL 374186, at *2. Second, if medically determinable impairments are shown, then the ALJ must evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the claimant's capacity to work. S.S.R. 96-7p, 1996 WL 374186, at *2; 20 C.F.R. § 404.1529(c); Borush, 2008 WL 4186510, at *12.

Because "an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone," S.S.R. 96-7p, 1996 WL 374186, at *3, an ALJ will consider the factors listed in the regulations.[8] 20 C.F.R. §§ 416.929(c)(3)(i)-(vii).

If the ALJ finds Plaintiff's pain contentions are not credible, he must state his reasons "explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." Young v. Astrue, 2008 WL 4518992, at *11 (N.D.N.Y. Sept. 30, 2008) (quoting Brandon v. Bowen, 666 F.Supp 604, 608 (S.D.N.Y. 1987)).

The ALJ found the following when evaluating Plaintiff's credibility:

> The claimant's statements about his impairments are not completely credible due to inconsistencies in the record and a lack of support in the medical records. Although the claimant has indicated that he is completely disabled by his impairments and has indicated that his abilities to walk, stand and sit are extremely limited by his impairments, there is not support for such limitations in the medical records. As indicated above, [the SSA examining consultative physician] described his gait as normal and indicated that he had a full range of motion of the knees and lumbar spine

(R. at 22). The ALJ failed to make the necessary findings in the two-step credibility analysis. This error warrants remand. See Hogan v. Astrue, 491 F.Supp.2d 347, 352-353 (W.D.N.Y. 2007) (remanding, in part, because the ALJ failed to find whether plaintiff's impairments "could reasonably be expected to produce the pain . . . she alleged" despite noting that the ALJ "carefully review[ed]" the seven factors set forth in 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii) and 416.929(c)(3)(i)-(vii)").

---

[8] The listed factors are: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 416.929(c)(3)(i)-(vii).

The ALJ also failed to engage in any meaningful analysis of the factors. Instead, the ALJ based his credibility analysis largely on his finding that the record did not support Plaintiff's complaints. However, this is not surprising as the record contains very little of Plaintiff's medical history. The Court believes it likely that more of Plaintiff's subjective complaints will be substantiated when the record is fully developed.

In addition to the seven factors noted above, an ALJ is required to take into account a claimant's work history because, "[a] claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability."  Rivera v. Schweiker, 717 F.2d 719, 725 (2d Cir. 1983); see also SSR 96-7p, 1996 WL 374186, at *5 (in assessing the credibility of a Plaintiff's contention of pain, the ALJ is instructed to consider, among other things, "prior work record and efforts to work"). Here, the ALJ noted Plaintiff's "excellent work record" at the hearing but failed to take that into account when evaluating his credibility (R. at 143). Plaintiff shows earnings nearly every year, albeit low at times, dating from 1970 to 2003 (R. at 60). To not consider Plaintiff's good work history when evaluating credibility constitutes error. See Wilber v. Astrue, No. 07-CV-56S, 2008 WL 85037, at *3 (W.D.N.Y. Mar. 28, 2008) (remanding, in part, for failure to consider plaintiff's good work history of over twenty years in his credibility analysis).

Based on the foregoing, the Court recommends remand to allow the ALJ an opportunity to follow the regulations in evaluating Plaintiff's credibility and consider Plaintiff's good work history in that analysis.

### c) The ALJ's Findings at Steps Two, Four, and Five of the Sequential Evaluation are Necessarily Flawed

Plaintiff argues that the ALJ erred in finding his pes planus and hypertension not severe; the ALJ's RFC finding is not supported by substantial evidence; and the ALJ's finding of not disabled is not supported by substantial evidence. Plaintiff's Brief, pp. 7-8, 11-12, 12-13.

Because the ALJ erred in failing to fully develop record and in evaluating Plaintiff's credibility, the ALJ's later findings at steps two, four, and five of the sequential evaluation are necessarily flawed. Therefore, on remand, the ALJ must re-evaluate these findings.

## IV.   Conclusion

Based on the foregoing, the Court recommends that the Commissioner's decision denying disability benefits be REMANDED for further proceedings in accordance with this recommendation and pursuant to sentence four of 42 U.S.C. Section 405(g).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge


Syracuse, New York
DATED:     November 30, 2009

## ORDER

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**

*Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir.1988).

Let the Clerk send a copy of this Report and recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

Victor E. Bianchini
United States Magistrate Judge

DATED:   Syracuse, New York
November 30, 2009